The next case for argument is United States v. Bounds. We have the tall girl crew. I'm going to call the witness. Good morning, your honors. My name is Sandy Baggett and I represent the defendant appellate Christopher Bounds. Your honors, this case presents the question really ultimately of within constitutional parameters and bounds, to what extent may a district court entirely preclude a defense at trial? Which defense do you think was entirely precluded? The public authority defense was entirely precluded, but not the I didn't intend to distribute the drugs defense, correct? Your honor, I respectfully disagree. If you look at the wording that the district court scripted for the defendant to say in his testimony on this stand, it was not what he intended, what he proffered as his defense. What he was allowed to say was I intended to give these drugs to law enforcement, correct? But that's different from saying I was working with law enforcement. I understand. That's the public authority defense, which I think the judge precluded in limine. But that is also the innocent intent defense, your honor. Is it? I could have an innocent intent. I could get a bunch of drugs for my own use and therefore not have the intent to distribute or be part of a conspiracy to distribute. And I would say I didn't intend to distribute these drugs. That's what the judge did allow him to say. That's correct. But those were not the facts as proffered by the defendant. The defendant said he was working integrally with the DEA. And the judge had in the mini-hearing, and I must say the evidence is overwhelming that your client was told that he was not working with the DEA, and that even if he were, even if he believed that his informant agreement gave him some status of working with the DEA, it said rather clearly in it, don't commit any crimes without checking with us first. And he never contended that he checked with them first. So I don't see how there's any evidence here to support a public authority defense. Your honor, in the context of that hearing, that was the testimony by the government agent as to what the contents of that contract included. It's undisputed the defendant was never given a copy. And it's not clear that any of that was told to him. And that's part of the problem here, your honor. The defendant wasn't allowed to. Isn't it clear that what we know he was told, that he couldn't act as an informant because he says when he's picked up, my blanking parole officer, I would have been acting as an informant except my blanking parole officer wouldn't let me do so. But that was for that limited period of time until he came off of supervised release. I understand. But so he was, he knew that he had been prevented from acting as an informant because he was on supervised release status because he said so. That's correct, your honor. And he also proffered that none of the activities that he's charged with in this case occurred before that time period. That in essence, he waited until he was off of supervised release before he began trying to infiltrate this Sinaloa gang. Was there any proffer, any contention that he had government permission to do any of these things? See, I think you're arguing a different defense, which as I understand is the intent defense. I thought your argument was, well, he really didn't have government permission to do this, but he thought he did. Isn't that, isn't that really, you're not really arguing that the government gave him permission to do these things, are you? Well, it's fairly clear that initially the government did because they signed him up. They asked him if he would act as an informant. That's quite different than asking somebody if they will act as a conspirator in a drug conspiracy. I like informants because they know things. I ask them things. Well, your honor. I'd say it's ambiguous at best, your honor, because there is evidence actually presented by the government that in the context of that meeting where they signed him up with this contract, he actually called and arranged a drug deal in the very presence of the agents. So to say that he was very clear that he couldn't enter, that he couldn't actually negotiate drug deals, I think is not correct because he did one in at that very meeting. Can I ask a different question on the innocent intent defense? When the trial counsel made the request to introduce innocent intent evidence, he only asked it for the conspiracy charge. And similarly, in your reply brief, you only still maintain that the innocent intent defense should have been more fully allowed for the conspiracy count. So to which counts do you think the innocent intent defense applies and why? Your honor, he was convicted on six counts, one conspiracy charge, two possession with intent, and then three guns. It doesn't apply to the gun. Yes, your honor. And you don't argue, as Judge Koh asked, you don't argue that it applies to the possession? I thought it was self-evident that it applied to that. It may be self-evident. I'm asking a different question. Did you argue that it applies to the possession? I did not specifically spell that out in the reply, your honor. But I think it would go to the second element of that, those two charges, which is the intent to distribute. I'm putting myself in the place of the trial judge here. And he asks for a proffer, and he asks what the evidence would be, as Rule 104 requires. And all the trial judge hears is that we can show that he didn't knowingly enter into a conspiracy to distribute because he thought he was doing this for the feds. Aren't you restricted to that? Your honor, I was not the trial counsel, so I apologize. And I think you're probably thankful you weren't. Yes. Is that why the answering, your reply brief is limited? I mean, I'm looking at the trial counsel's testimony. He says, that's why I think Mr. Bowne's testimony regarding his subjective intent or plans for those drugs is admissible because it will go directly to the conspiracy charge. So are you now limited to the conspiracy count on appeal because that's what Mr. Hellinan, I believe? Helen. Helen. That's what he moved for at trial. That's what the district court ruled on. Your honor, I would no. I believe that the trial judge has a responsibility sua sponte to look at all of the evidence in the defense below. The trial judge committed plain error. Excuse me, your honor. Do you think the trial judge committed plain error? Yes. By not applying that defense to the possession with intent charges as well. Well, he didn't allow it at all. Can we get back to the proffer which Judge Coe has directed you to? The judge said, I mean, because the judge didn't rule in limine that you couldn't put on evidence of this intent defense. He said, I won't let you put it into public authority defense. But on the other stuff, I'm skeptical, but let's get to trial and see what happens. And your client takes the stand and the judge says, can we have a proffer? As I think he's entitled to ask because the government objects. And all we get is a proffer that I want to show that I had an agreement with the government to do what I did. And that's exactly the defense that the judge has excluded. So I'm trying to figure out why the judge erred under these circumstances by saying, I'll let you testify that you intended to hand this over to law enforcement, but I'm not going to let you testify about an agreement. Your honor, I think that, well, if you look at the judge's initial decision denying the public authority defense, he did find that the defendant believed that he had an agreement to work with the government. Well, he found for purposes of that ruling. He said, even if he did, it doesn't matter. Well, because he found that it was unreasonable. That's right. And so I'm not sure that why that would be different from the... Here's the judge's theory. He says so on the record. I've precluded a public authority defense. Let's assume he's right about precluding it. If he's wrong, then you win anyway. I don't want it to come in through the back door. I don't want then your client to be able to argue that he really did have an agreement with the government. Then I've either got to let the government come in and show there wasn't an agreement or I've got to instruct the jury, much to your client's harm, that there was no such agreement and you should ignore all this. And so I'll let him say that he had an innocent intent, but I'm not going to let him get into explaining why, because explaining why gets us right back into the muck I came out of. What's wrong with that? Your Honor, the words that the judge scripted and allowed are not an innocent intent defense. It sounds like some kind of amnesty. To me, it read like an amnesty program. Isn't there exactly what I would say if I were caught with drugs and charged with intent to distribute if I wanted to use them for myself? I didn't intend to distribute them. I wanted to use them for myself. But he also says that my intent was to turn things over to law enforcement so they could look him in the eye and see whether they wanted to believe him. If they believed him, he would have gotten off on that, wouldn't he? No, Your Honor. That sounds to me like what I would call an amnesty program, that I have committed all these crimes, but I think that later on if I happen to turn it over to the government, maybe there will be – Because if you believe the intent, I mean, did you ask for an instruction on that? That is, I would think that having permitted that, an instruction that says if his intent was to turn over the drugs to law enforcement rather than anything else, then you should acquit. Did you try for that? Your Honor, no, because eventually the judge didn't even allow the defendant to say those words. Oh, he did say those words. Bounds testified to that effect, didn't he? No. If you look at the actual transcript of the trial, the judge strikes everything that the defendant said about intent. He instructed the jury to strike any statements from the impeller. And then he says to the defendant, you may say, you may say the following. You can't use the words the federal government or the DEA. You may use law enforcement. And then the defendant does say that, does he not? No, Your Honor. I believe that he – the defendant challenged the judge and said that was not the truth. That was not his perspective of what was happening. That was not his truth. And then finally the judge ordered the defense attorney to stop asking questions. No, no, no, no. I have it. It's 842 in the record. Starts at line 12. Mr. Hellen, I believe – I'll just back up. He says, the last answer you provided, I believe, is that you did not make any efforts to conceal your involvement in drug sales, correct? Answer, no, I went out of my way not to. Question, and why was that? Answer, my intentions were to turn it all over to law enforcement. No further questions, Your Honor. And then there's cross. So he at least did get in to the record that he intended to turn the drugs over to law enforcement. But I think he made it clear that that was not the full scope of what he felt like was the truth. And he said so repeatedly to the judge. Well, but that was the truth. Was it not? He did intend to turn them over to law enforcement. That was part of what he intended. Okay. So he wasn't forced to say anything false. He was just prevented from presenting more evidence in support of that position, correct? He was forced to produce a misleading testimony. Well, that's not – if you add the words DEA, take out law enforcement and put DEA there, it's precisely true, is it not? He did intend to bring the drugs to the DEA. Yes, but he also thought that he was actively working with them all along. And that's what he – that's what he – And that they knew what he was doing and they agreed. I agree with you. And that's what he was prevented from saying. Yes. And that's different. Well, but isn't that the public authority defense? Aren't we back now to whether or not he was entitled to present a public – if I understood and knew that I was working with them and they knew that I was working with them, which is what you just said, isn't that the public authority defense? No, Your Honor, because the public authority defense requires reasonableness of that belief. And that's the only difference between that defense and innocent intent was it – was the objective reasonableness. If the innocent intent just requires that the defendant honestly believed these things. Do you want to save the rest of your time for about a minute? Yes, Your Honor.  Ms. Hargrove. Hargrove. May it please the Court, Serena Case Hargrove on behalf of the United States. Judge Nye did a measured and careful analysis and allowed the defendant to testify to precisely what his counsel had showed he could support in the proffer. In 8 ER 1001, Mr. Bowne's counsel explained that he began to use Mr. Perez to develop an understanding of the trafficking mechanisms of the cartel with the intent of providing this knowledge along to the DEA. In addition, he used Mr. Perez to obtain firearms, which he in turn intended to turn over to the DEA. But I take it your friend's argument is, look, that's partially true. He was allowed to say something that was partially true. The difficulty is it became completely implausible without the ability to support why he intended to turn them over to the DEA. And I understand that the judge didn't want to get into the public authority defense. I'm trying to think of a hypothetical case where you might be allowed to do more. For example, could a defendant, perhaps not this one, say, well, I've done this in the past. I didn't have any public authority, but I've often obtained drugs and turned them over to law enforcement. Would that be something someone could say? It's interesting because the prosecutor questioned Mr. Bounds about whether he actually had ever turned anything over up until that point. There doesn't seem to be a proffering here to that, but he sort of hints at that. He says stuff like, I used to drive past DEA headquarters and have them look in the car and, you know, and they'd see stuff. So could he say, you know, I have a long history of cooperating with the police, showing them illegally seized drugs or something like that? No, Your Honor. Could he support this statement that the judge allowed him to say with other things? No, Your Honor, because that would be crossing the boundary that Judge Schneisow carefully set into the public authority defense. Well, no, I don't believe I had the authority to get these drugs. I'm just saying I'm guilty of possession. You got me on possession.  I didn't have a deal. It wasn't a reasonable belief. I understand all that, but I want to explain why in my own tortured mind I was doing this. Why wouldn't his prior work for the IRS and the State Corrections Department and the fact that he did so without a written contract, he could have said that. That would have certainly corroborated or bolstered his innocent intent defense. And it wouldn't necessarily have said I'm authorized here. It wouldn't necessarily have constituted a public authority defense. But it would have certainly made him more credible to the eyes of the jury. Your Honor, he did attempt to proffer information like that. I mean, he did proffer information like that, that he had given information at one time to the IRS. When was that proffered? That's my question. So that was... That was in the in limine hearing when the judge said, I'm not going to rule on this now. Let's see what the evidence is at trial. When we get to trial, for whatever reason, defense counsel says, well, I'll let him make the proffer. The defendant. The defendant's proffer is I had a deal with the DEA, basically. That's his proffer. It's not all the stuff that Judge Cohen, I think, might have come in. So what is the proffer in this case? Is it what was put in at the in limine hearing or is it what was made at trial? So Boulware explains that this court can look at all the evidence from the proffer and from the trial. What it can't look at, of course, are just unsupported allegations, which is what the defense brief relies on. But it can look at the evidence at trial. It was never proffered. They never requested, as far as I know, to allow him to explain his past work. I mean, if it was work. He had given information to the IRS. He had given information while he was in prison. They never asked for that specifically, I don't believe. And I don't know that Judge Nye considered that directly. That's what I'm trying to figure out. If I'm Judge Nye and I'm sitting there and I'm saying, okay, what do you want to put on? We're now at the moment of truth. We're at the point I put off before. What would you like to put on? And defense counsel, inexplicably in my mind, says, why don't you ask the defendant? I don't know what's going on. Maybe he thinks the defendant is not going to tell the truth. Maybe he doesn't want to proffer himself. And the defendant doesn't talk about prior dealings or anything else. He just says, I want to show that I had this deal with the DEA. Is that the proffer that we're to consider? Yes, that's certainly part of the evidence the court should consider, yes. Is there more? See, if I considered what happened at previous hearings, I'm the judge, I might say, well, he can't say that, but he suggested in the past that he might say he worked with the IRS and he worked with others, so I have a history of working with government. And that might be relevant, as Judge Koh suggests, to buttress your defense. So I'm trying to figure out what Judge Nye should have thought he was ruling on at the time that he ruled. Right, right. Now, if he – if the counsel had never moved for a public authority defense and had just moved for innocent intent, then all of this should have come in. Is that right? No, Your Honor. Why not? The Ninth Circuit does not recognize innocent intent. It has never actually given an instruction on innocent intent or required one. The closest it came was in Smith. And in that case, and in Cheek, which was actually pre-Dixon, but in both of those cases, the intent was higher than here. It was specific intent. And Doe explained this really carefully. Doe was a conspiracy case. Why aren't the conspiracy and the possession with intent to distribute counts not specific intent crimes? You must agree or possess with a specific intent to distribute, correct? Yes, Your Honor, you do. But Doe addressed this specifically, talking about conspiracy and explaining that Congress has not changed the intent and raised it to the level that it has in Smith or Cheek. Congress didn't change the intent with respect to the underlying crime, which is just knowing. But when you say with intent to distribute, it is your burden to prove that he had intent to distribute. Does he do it? Does he not? Or that the conspiracy was intended to distribute? You certainly have to show that he performed all the acts and fulfilled those. To my personal example, you arrest me under the same circumstances you arrest this defendant under. I've got a car full of drugs. And I say, yeah, it's a lot of drugs, but I use a lot of drugs. I didn't intend to distribute them. You sit down in your charging decision and you say, nobody with that amount of drugs had it for personal use, so I'm going to charge him with intent to distribute. And at trial, his defense is the one that I pose. I wanted to use it myself. So I'm guilty of possession, but not possession with intent to distribute or not a conspiracy to distribute. He can surely put on that defense, can't he? He could, yes. He didn't. Okay. So we don't preclude a defendant from saying his intent, innocent is the wrong word, his intent was not the intent required by the statute. No. And in this case, he was allowed to challenge intent by explaining. Now the question is, should he have, did the judge improperly preclude him from putting on some evidence that might support that defense, rather than just allow him to say that he lacked that intent? Respectfully, Your Honor, that's not how I read the opening brief or the reply brief, that that's what they're arguing. I'm not sure I read it that way either. I'm just asking. But let's assume that's the question. Yes. Your Honor has posited the situation that Doe kind of theorized about, which was an example of a defendant who really didn't intend to follow through on a meet and deliver drugs. He just wanted to set up a sting, and then he was going to say he would call in the authorities. And that's actually the argument that they make in the reply brief, is that Doe sting argument. The thing is, the evidence just didn't support that, even that here, because he had, and he admitted, he had repeatedly distributed drugs. He was distributing them to Ms. Belevance. He was buying them in pound quantities for Mr. Perez. And he was giving Ms. Belevance two pounds every time they met, she said, eventually. Let me ask you a question about Doe, because that sentence does — I don't want to say it bothers me, but I am trying to sort out when the innocent intent defense applies. Doe does say that the knowingly mens rea requirement applies to conspiracy offenses and federal possession offenses. But I'm just wondering, it cites the statute, it says knowingly or intentionally. So I'm wondering if they were just perhaps referring more to just the knowingly portion and not the intentionally portion. Your Honor, I don't think so, because if you look at the other Ninth Circuit cases, we've got Smith and Bonn, Burroughs, they all discuss innocent intent and say that it's possible, you know, we haven't really addressed this and we're not called upon to address this here, but it's possible that we would have an innocent intent defense in the Ninth Circuit. But they narrow it to specific intent. And so Smith had the specific intent to obstruct justice. So intent was all it was. I mean, those officers either intended to keep that defendant from the grand jury, in which case they intended to obstruct justice, or they thought they were just protecting him from others. But why isn't this the specific intent to distribute drugs to another person or the specific intent to help someone else distribute drugs to another person? I don't understand why these are not specific intent, even though I recognize what you said in Doe, and I think Colosso has language, which is also pretty confusing on this score. And I think Dixon really helps with this, too, because Dixon, the Supreme Court case that Doe discussed at length, really goes into what do we need to see to believe that Congress intended to create a situation where the burden should be shifted. But I'm not talking about shifting a burden here. You always have a burden to prove the elements of the offense. The government certainly does. Yes. We're talking about shifting with the defendant. You didn't charge him here with conspiracy to transport or conspiracy to manufacture, which I think would just be general intent crimes. Right. You charged him with conspiracy with intent to distribute, with intent to distribute. And we showed that he did distribute. Huh? No. And we showed that he did distribute. I'm not doubting that you proved your case. Okay. This is not sufficient to the evidence. The question is, if that's the crime that you've charged and your burden is to show intent to distribute, and you certainly showed it because you distributed many times, why can't they come back and say, well, this is the one time I didn't intend to distribute? I intended to hand it over to law enforcement. The judge says, no, you can say that. So now we're on the same page. And the only question is, can the judge then say, but you can only say that? You can't bring in other evidence that might support your position. So he didn't ask to bring in other evidence. He asked for the public authority defense and then innocent intent. So just factually in this case, I don't think we have that situation. But secondly, he was charged with a conspiracy that happened over a three-month period. And Belovance and Perez's testimony show that he had completed a good number of deals with them and drugs had been distributed. And so this last time – Your point is that even if on this occasion – Yes. Suddenly he decided, I am turning this over. His guilt had been – and that leads me to one of the things in this case that both mystifies me and I need some help on. He gets stopped in a car with – you know, I was amused this morning. We often have these cases where police officers have the magical ability to smell one ounce of marijuana in the back of a car and then tear it apart to find the one ounce of marijuana. In this case, the police actually stop him and they – there's lots of drugs and guns. And they let him go. Do we know whether those are the same drugs and guns that he's later arrested with? Or is there any ability in this record to tell that? No, Your Honor. There is no ability to tell that. It happened about a week before. Yes. And I just wanted to note, too, they corrected – Defense Counsel corrected the proffer he made. Initially he said that Mr. Bounce told that first officer that he had both drugs and guns in the car. But later he corrected that and said Bounce told him only that he had guns, which was important because at least there was a chance this officer thought he was – Can I ask you another question? He wasn't committing a crime. Yes, Your Honor. You're saying there should be no innocent intent defense. So you're saying we should deprive defendants of the ability to negate the mens rea element of a charged offense? Your Honor, I'm saying the Ninth Circuit has never recognized an innocent intent defense. And the only time it's discussed allowing it is with significantly higher intent. But let's say we don't put it in a box called innocent intent defense. But let's just say a defendant wants to testify in his or her – their trial, and then we're going to preclude them from saying, I didn't have the intent to actually distribute drugs or the intent to help someone else distribute drugs. No, Your Honor. Judge Nye allowed that here. That's the problem when you say we don't allow an innocent intent defense. We do allow an innocent intent defense. We don't allow – we have never allowed one based on public authority, although we've hinted that we might. But in every case in which mens rea is required, we allow the defendant to come in and say, my intent did not match the level of mens rea required, don't we? Yes, absolutely. I think this goes back to a question Judge Boggs asked my opposing counsel, and that is whether there should be an instruction. And that may help clarify things here. So should they have gotten an innocent intent instruction? No. Under Ninth Circuit precedent, no. Were they – was he allowed to say, I really intended to turn this over to the government, all these guns and all these drugs and all this information? Yes, he was. But that doesn't negate the intent. So he was not entitled. He was allowed to present that evidence, but he was not entitled to an instruction such as Your Honor was suggesting where that would lead to acquittal. Because you're saying that the intent to turn it over to the government is still intent to distribute? Because he didn't just – because we disproved his statement. He argued, I intended to turn at least this load over to the government. And we argued, this is a conspiracy lasting three months, and we've proved that you over and over again. But that's a harmless error argument, isn't it? Which is to say, even if he was prevented from showing that he couldn't – he intended to turn this one over to the government, it doesn't matter because you showed that he turned several others over. Absolutely, Your Honor. But I don't see – talking about the briefs, I don't see a harmless error argument in your brief. Is there one? Well, Your Honor, I don't believe that they raised this issue. I think the Court has done an excellent job of finding a narrower version of the intent argument. But no, I mean, we didn't argue – we didn't argue that on innocent intent. One of the questions is about the instructions. Did anybody request what Judge Cohen and I would call an innocent intent instruction, not the public authority version of one, but just that, you know, the government must show that he operated with this intent? That was part of the instructions, was it not? It's the government's burden to show – Oh, absolutely, it was part of the instructions. Was there any separate instruction about the defense? I don't believe so, Your Honor, but I can certainly check the record. I didn't find one, that's why I'm asking. Yeah, I don't believe so. I don't believe I saw one. I think we've taken you over. You asked my colleague. In the instruction 19 says the defendant possessed it with the intent to distribute it to another person. You could conceivably argue, or they could have argued, well, that would allow it to convict even if he just meant to distribute it by turning it over to the feds. And I suppose if they had asked for that carve-out, would you have objected? Well, yes, Your Honor, in the sense that it's still – unless you have – I mean, the whole reason we allow the public authority defense is that it's not fair to prosecute. This isn't public authority. Okay. Again, your argument partly was, you know, we've proved there are all these other things where he couldn't possibly have intended to turn it over because he already distributed. And I suppose that would be an objection to such an instruction. But if this were the only time, it says, yes, you caught me, you charged me with intent to distribute, but the only people I intended to distribute it to was by going to the police station and turning it in. Yes. That's the situation that Doe posits. That's the sting situation. Why couldn't he testify to that and get an instruction for that and see if they bought it? I think in that kind of a situation, you know, perhaps he could. I don't know that we would have charged him with actual conspiracy at that point. We might have charged him with attempt. But thank you, Your Honors. Thank you. We've taken you over, and I don't think we have any more questions. Thank you. You have some time saved for rebuttal. Your Honor, I just wanted to begin by addressing the question of, did the defense attorney at the trial request to present material beyond just the defendant's testimony and statement? If you look at the trial brief, the defendant's trial brief, and that begins in the record at page 180. He first starts off by saying, asking the court to allow the full video of the defendant's arrest and statements. I'll note here that that for trial evidence, the government did put that into evidence, and they entirely redacted out every reference in that video when the defendant said, I was working for the government, I was trying to collect intelligence. And so that video was redacted in tiny little bits and pieces so that the only thing that came out in the evidence was the defendant admitting that, yes, those were his drugs and guns. You assert that as an independent error in your brief. Yes. Well, Your Honor, that's just part of what the defense submitted in the trial brief, that they wanted to present, that they were prevented from presenting. So I'm just addressing, they asked for more, they did ask for more than just the testimony. That was sort of a question. Okay. I would agree that earlier in their 12.3 disclosure, they had witnesses, and in this trial brief, they may have asked for some more evidence. But when it came to trial and they actually made the request not for public authority, but for innocent intent, then it was limited, right, to Mr. Bounds' testimony. Well, Your Honor, if you look at the trial brief again, it raises the question of innocent intent. And now I'm on page 183 in the record. And at the last paragraph of that, it says, as such, Mr. Bounds should be allowed to present his theory of the case and given latitude to introduce testimony and evidence concerning his motivation. I would suggest, Your Honor, that that was the defense essentially saying, let us put in all the stuff that we have talked about before. But can you just know the purpose of a 104 proffer so that we can tell whether or not there was prejudice from excluding evidence? And here we get to the proffer stage at trial. And all we get is the public authority defense. So, you know, doesn't there have to be more at the proffer stage than, well, I've argued in the past we ought to be allowed to do more? Your Honor, I think if you look at the context of this case, all of the litigation in totality, there were so many times that the defendant spelled out exactly to the judge, here's my evidence. I've been an informant before for the IRS, for the Corrections Department. I had this type of, you know, interaction. I had this type of idea. He had spelled that out so many times before the judge that I think that by the time they got to the trial stage, it was assumed that the judge sort of knew, oh, here's all of the evidence, that when we asked to put in all the evidence, that that's what we need. Can I ask you one other question? What's your response to the government's statement, which I think is borne out by the record, that this defense would not have applied to other incidents which were shown at trial? Other incidents where he was? He actually sold drugs to people. I don't agree because he has, if you look at his actual defense, as he articulates it. His defense is he was selling the drugs in furtherance of whatever. Of his agreement with the government because he needed to collect intelligence on their methods and means. He distributed the drugs with an innocent intent? Yes, Your Honor. Is that a defense? In other words, with regard, now we're talking about the mens rea required for distribution. Is it a, I understand public authority might be a defense to that. Yes. But is your belief that you're doing this in furtherance of a greater good a defense to that crime? Yes, Your Honor, because he did not believe he was joining an illegal conspiracy of this drug, this Sinaloa drugging. He was not, didn't have the intent to join that conspiracy. He had the intent to work within that conspiracy to collect intelligence on behalf of the government. And that's the situation with informants often, Your Honor. They do engage in drug transactions. But they're not, they don't have the mens rea to join the conspiracy. You have to have the intent to join the conspiracy. I mean, that's really where the intent comes from. Did you intend to join the conspiracy? Other questions from the panel? Not only thank both counsel for their arguments. No, I was going to have one last. Judge, go ahead. One last question on this. You know, the trial judge said that essentially during trial the court would make a ruling on the innocent intent defense. Why wouldn't it have been on the burden on the defense to make a complete proffer of what they wanted at that point? I think we've all seen a ton of trials where both sides will have a witness list that is far more inclusive than they're ever going to trial. They're actually going to bring to trial. Most of those people they can't subpoena or are not available. And so I think it was the burden of the defense counsel at that point to say, if you're now going to make a ruling so you can consider 403 based on all the trial evidence thus far, this is now what I'd like to introduce. And you're saying, no, once you're at trial you have no obligation. If you've ever filed it in any past document saying you want these witnesses, then that's sufficient. I'm not exactly saying that, Your Honor. What I'm saying is in their trial brief they did make reference to wanting to produce the additional evidence that was consistent with his proffered defense at that point, which was innocent intent. I think that at that point the defense attorney assumed that the judge knew what he meant by that, and then once the defendant took the stand and was shut down entirely from this line of defense, the defense attorney didn't proceed to try to introduce these other witnesses. It was quite clear that that was not going to be allowed, because the defendant himself was not allowed to testify about his prior interaction with government and any of that additional corroborating evidence that he had previously at different times proffered. Thank you. Thank you. We thank both counsel again for their arguments and briefing, and this case will be submitted.
judges: Boggs, HURWITZ, KOH